EQUITABLE MORTGAGE COMPANY *v.* McWATERS, administrator, and *vice versa.*

CANDLER, J.   1. The motion to dismiss the motion for a new trial brought in question only matters which rested in the sound discretion of the trial judge, and it was not shown that that discretion was abused.

2. The evidence objected to by the plaintiff, even if inadmissible, related to a matter which was not in issue on the trial, and the failure to rule it out was not cause for the grant of a new trial.

3. The charges complained of in the motion embodied correct principles of law, and were applicable to the facts of the case on trial.

4. It appeared that some of the heirs for whose benefit the claim by the administrator was filed were concluded by a judgment rendered adversely to them on a claim which they had previously filed to the same land and on the trial of which they could have set up the contentions they now seek to establish. *McWaters* v. *Equitable Mortgage Co.*, 115 *Ga.* 723.   The share of these heirs in the land was one undivided half.   The other heirs, not having been parties to that or any like suit for the land in controversy, were not estopped. As to them, the evidence fully warranted, if it did not demand, a finding that the possession of the defendant in fi. fa. was permissive only, and that the property was not subject.   After a verdict finding the entire property not subject, it was therefore not error for the trial court to grant a new trial as to the undivided half interest claimed by the heirs first mentioned, and refuse it as to the others.   Direction is given that upon the next trial of the controversy between the plaintiff in execution and the administrator as to the share of the heirs who are concluded by the former judgment, the jury be instructed, upon proof of the facts before mentioned, to return a verdict finding that share subject.

*Judgment on both bills of exceptions affirmed, with direction.   All the Justices concur.*

Argued November 21, 1903. — Decided January 12, 1904.

Levy and claim.   Before Judge Harris.   Heard superior court. July 17, 1903.

*Payne & Tye, J. A. Noyes, W. H. Daniel,* and *Whitaker & Mooty,* for plaintiff.   *Frank S. Loftin* and *W. C. Wright,* contra.